# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Beers,<br><br>　　Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>　　Defendant. | Case No. 0:22-cv-473<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because The Lincoln National Life Insurance Company may be found in this district. In particular, The Lincoln National Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant The Lincoln National Life Insurance Company insures the employee benefit plan ("Plan") that Wilson & Company, Inc., Engineers & Architects created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant The Lincoln National Life Insurance Company is a corporation organized and existing under the laws of the State of Nebraska, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Wilson & Company, Inc., Engineers & Architects and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy numbers 000010235018 (Long-Term Disability) and 000010235019 (Short-Term Disability) which were issued by The Lincoln National Life Insurance Company to Wilson & Company, Inc., Engineers & Architects to insure the participants of the Plan. A copy of the policies are attached as Exhibit A.

8. On information and belief, The Lincoln National Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, The Lincoln National Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. The Lincoln National Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13.     Plaintiff became disabled under the terms of the Plan's policy on or about February 18, 2019 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14.     Plaintiff submitted a timely claim to The Lincoln National Life Insurance Company for both Short-Term and Long-Term disability benefits.

15.     The Lincoln National Life Insurance Company granted Plaintiff's Short-Term Disability benefits claim, and paid Plaintiff Short-Term Disability benefits until April 24, 2019. However, on April 12, 2019 The Lincoln National Life Insurance Company cancelled Plaintiff's Short-Term Disability benefits. Plaintiff appealed The Lincoln National Life Insurance Company's decision, but The Lincoln National Life Insurance Company denied Plaintiff's appeal on April 9, 2020. Plaintiff filed a further appeal for Short-Term Disability benefits, which The Lincoln National Life Insurance Company denied on September 10, 2020.

16.     The Lincoln National Life Insurance Company denied Plaintiff's claim for Long-Term disability benefits. Plaintiff appealed The Lincoln National Life Insurance Company's decision, but The Lincoln National Life Insurance Company denied Plaintiff's appeal for Long-Term Disability benefits on February 3, 2022.

17. Plaintiff provided The Lincoln National Life Insurance Company with substantial medical evidence demonstrating he was eligible for disability benefits.

18. The medical evidence Plaintiff provided included several functional capacity forms and narrative reports from Plaintiff's physician—Dr. Stephen Weiss.

19. Dr. Stephen Weiss repeatedly concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

20. Dr. Stephen Weiss specifically concluded in one of his narrative reports,

> I completely disagree with Lincoln's conclusions in their June 15, 2021 denial letter that Mr. Beers is capable of working without restrictions as a full-time Electrical Engineer, which it would appear are largely based on Dr. Daldalyan's June 3, 2021 Peer Review. . . In his Peer Review, Dr. Daldalyan concluded there is no objective data supporting Mr. Beers' cognitive impairment. . . Mr. Beers' Tick Borne Relapsing Fever (TBRF) infection can and does explain his symptoms of chronic fatigue, brain fog, cognitive impairment, unrefreshing sleep despite correction of his severe Obstructive Sleep Apnea, and post-exertional malaise. . . . I vehemently disagree with Dr. Daldalyan that Mr. Beers doesn't fulfill the diagnostic criteria for CFS. . . . In summary, there is additional clinical information in the form of a Mental Status Examination as well as a scientific study, interview of its primary author and statements from 2 highly competent clinicians presented herein that negate and refute the conclusions drawn by Dr. Daldalyan and Lincoln. Mr. Beers does indeed suffer from now chronic TBRF which the Laboratory Directory of one of the nation's preeminent tick-borne infection

laboratory believed to be a recent infection in April 2019. . . . I implore Lincoln to impartially examine all of the facts of this case and to promptly grant Mr. Beers the 100% disability his clinical condition warrants.

21. The medical evidence Plaintiff provided also included a Mental Status Examination Report ("MSE") from Simone Viljoen, PhD.

22. The MSE concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

23. The MSE found Plaintiff had the following psychological limitations:

> Understanding and Memory:
> Ability to understand and remember very short and simple instructions: **None**
> Ability to understand and remember detailed or complex instructions: **Moderate**
>
> Sustained Concentration and Persistence:
> Ability to carry out instructions: **Moderate**
> Ability to maintain attention and concentration: **Moderate**
> Ability to concentrate and persist at tasks of basic work: **Mild**
>
> Adaptation:
> Ability to adapt appropriately to changes in the workplace: **Mild**
> Ability to be aware of normal hazards and react appropriately: **Mild**
> Ability to use public transportation or travel to unfamiliar places: **None**

24. Based on the completely neutral and unbiased medical opinions from Dr. Simone Viljoen in the MSE, it was beyond reproach to conclude Plaintiff was prevented from performing the Main Duties of his Own Occupation.

25.      The Lincoln National Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. The Lincoln National Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with The Lincoln National Life Insurance Company and as such unable to offer an unbiased opinion;

    c. The Lincoln National Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. The Lincoln National Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. The Lincoln National Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. The Lincoln National Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

26.    The Lincoln National Life Insurance Company abused its discretion in denying Plaintiff's claim.

27.    The decision to deny benefits was wrong under the terms of the Plan.

28.    The decision to deny benefits was not supported by substantial evidence in the record.

29.    The Lincoln National Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

30.    The Lincoln National Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from February 19, 2019 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

31.    The Lincoln National Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue

this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

32. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of the termination of Short-Term Disability benefits and denial of Long-Term Disability benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct The Lincoln National Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of the termination of Short-Term Disability benefits and denial of Long-Term Disability benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: February 22, 2022

RESPECTFULLY SUBMITTED,

By: /s/ Blake Bauer

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*